BEER v. UNITED STATES.

(Circuit Court, S. D. New York. May 11, 1910.)

No. 5,320.

CUSTOMS DUTIES (§ 85*)—APPEAL—NEW TRIAL IN CIRCUIT COURT—"HEREAFTER."

Under Act May 27, 1908, c. 205, § 2, 35 Stat. 404, amending Customs Administrative Act June 10, 1890, c. 407, § 15, 26 Stat. 138, it was prescribed that "hereafter" the parties litigant should be required to introduce all their evidence before the Board of General Appraisers, and cut off the right under said amended act, of a new trial in the Circuit Court on appeal from the board. *Held,* that this provision applied to cases decided by the board after May 27, 1908, even though, prior to that date, they had arisen and been submitted to the board for decision.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 85.*]

For other definitions, see Words and Phrases, vol. 4, pp. 3277–3279.]

On Application for Review of a Decision by the Board of United States General Appraisers.

The decision below, G. A. 6,788 (T. D. 29,144), affirmed the assessment of duty by the collector of customs at the port of New York. This decision was rendered July 6, 1908, which was after Act May 27, 1908, c. 205, 35 Stat. 403, had been passed, section 2 of which, prescribed, as an amendment to Customs Administrative Act June 10, 1890, c. 407, § 15, 26 Stat. 131, that "The parties litigant shall hereafter be required to introduce all of their evidence before the said Board of General Appraisers prior to its decision of the case." On these proceedings for review of the board's decision the importer took out an ex parte order for further testimony to be introduced in the Circuit Court, as provided in said section 15 of the amended customs administrative act. The government moved for the vacation of said order on the ground that the act of 1908 had repealed the provision for further evidence contained in said section 15. The importer contended that the act of 1908 was not intended to apply to cases which like the present had arisen prior to the passage of that act and in which the hearings before the Board of General Appraisers had been completed prior to such date, even though the Board's decision was rendered after that date.

D. Frank Lloyd, Asst. Atty. Gen. (William K. Payne, Deputy Asst. Atty. Gen., of counsel), for the United States.

Curie, Smith & Maxwell (W. Wickham Smith, of counsel), for the importer.

NOYES, Circuit Judge.   Motion to vacate granted.